RE: REQUEST FOR AN OPINION REGARDING 70 O.S. 7-106
ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT LETTER CONCERNING THE FOLLOWING QUESTIONS.
1. DOES 70 O.S. 7-106 (1981) APPLY TO BUILDINGS ACQUIRED THROUGH CONSOLIDATION AS WELL AS TO BUILDINGS ACQUIRED THROUGH ANNEXATION?
2. DOES USE BY A CHURCH CONSTITUTE A "PUBLIC GATHERING" WITHIN THE MEANING OF 70 O.S. 7-106 (1981), THUS NECESSITATING AN ELECTION BEFORE THE PROPERTY MAY BE RENTED, MOVED OR SOLD?
BECAUSE NEITHER OF YOUR QUESTIONS PRESENTS NOVEL LEGAL ISSUES AND BECAUSE BOTH CAN BE ANSWERED READILY BY REFERENCE TO WELL RECOGNIZED PRINCIPLES OF LAW, THE ISSUANCE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS UNNECESSARY. THE CONCLUSIONS EXPRESSED BELOW ARE, OF COURSE, SOLELY THOSE OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
TO ADDRESS YOUR FIRST QUESTION IT IS NECESSARY TO FIRST CONSTRUE 70 O.S. 7-106 (1981), WHICH STATES IN PERTINENT PART:
 "NO BUILDING OR APPENDAGES THERETO OF ANY SCHOOL DISTRICT THAT HAS BEEN ANNEXED TO ANOTHER SCHOOL DISTRICT OR DISTRICTS SHALL BE RENTED, MOVED OR SOLD BY THE BOARD OF EDUCATION OF THE ANNEXING DISTRICT OR DISTRICTS WITHOUT THE APPROVAL OF A MAJORITY OF THE SCHOOL DISTRICT ELECTORS IN THE ANNEXED DISTRICT VOTING ON THE PROPOSITION, IF SUCH BUILDING IS BEING USED AT LEAST ONCE EACH NINETY (90) DAYS FOR PUBLIC GATHERINGS . . ."
TO EXTEND THIS PROVISION'S APPLICATION TO BUILDINGS GAINED THROUGH CONSOLIDATION WOULD REQUIRE AN INFERENCE THAT THE LEGISLATURE INTENDED SUCH A CONSTRUCTION. I HAVE BEEN UNABLE TO FIND ANY EVIDENCE THAT THE LEGISLATURE INTENDED AN EXTENSION OF THIS PROVISION.
THE CARDINAL RULE OF STATUTORY CONSTRUCTION IS TO ASCERTAIN AND IF POSSIBLE, GIVE EFFECT TO THE LEGISLATIVE INTENT. SEVENTEEN HUNDRED PEORIA INC. V. CITY OF TULSA, 422 P.2D 840, (OKLA. 1966). IN SO DOING, THE COURTS FREQUENTLY APPLY A RULE WHICH STATES THAT THE INCLUSION OF ONE THING IN A STATUTE IMPLIES THE EXCLUSION OF ANOTHER. SEE, E.G., HARDESTY V. ANDRO CORP — WEBSTER DIVISION, 555 P.2D 1030 (OKLA. 1976).
AS IS PLAINLY STATED IN 7-106, THIS PROVISION APPLIES ONLY TO A SCHOOL DISTRICT THAT HAS BEEN ANNEXED TO ANOTHER SCHOOL DISTRICT; THERE IS NO MENTION IN THE STATUTE OF BUILDINGS GAINED THROUGH CONSOLIDATION.
THERE ARE IMPORTANT DIFFERENCES BETWEEN THE TWO CONCEPTS WHICH SUPPORT THIS CONCLUSION. IN THE CASE OF ANNEXATION, THE COMPONENT PARTS OF THE DISTRICT ANNEXED ASSUME THEIR PROPORTIONAL SHARE OF EACH COMPONENT'S LEGAL BONDED INDEBTEDNESS. 70 O.S. 7-103. CONSEQUENTLY THE ELECTORS OF THE ANNEXED DISTRICT WOULD BE INTERESTED IN THE PROPERTY HELD AS THEIR RESPECTIVE COMPONENT'S PROPERTY. ANNEXATION MAY BE CONTRASTED WITH CONSOLIDATION; WHEN TWO OR MORE ADJACENT SCHOOL DISTRICTS ARE CONSOLIDATED INTO A SINGLE SCHOOL DISTRICT, ALL LIABILITIES AND ASSETS BECOME THE RESPONSIBILITY OF THE NEWLY CREATED SCHOOL DISTRICT. 70 O.S. 7-105.
TURNING NOW TO YOUR SECOND QUESTION, WHICH IS WHETHER THE TERM "PUBLIC GATHERING" AS USED IN 70 O.S. 7-106, INCLUDES USE BY A CHURCH. THE PHRASE "PUBLIC GATHER" IS NOT DEFINED IN THE STATUTE.
IT SHOULD FIRST BE NOTED, HOWEVER, THAT SCHOOL DISTRICTS ARE AUTHORIZED TO MAKE SCHOOL PROPERTY AVAILABLE FOR THE USE OF RELIGIOUS GROUPS. TITLE 70 O.S. 5-130 PROVIDES AS FOLLOWS:
 "THE BOARD OF EDUCATION OF ANY SCHOOL DISTRICT MAY, UNDER SUCH REGULATIONS AND CONDITIONS AS IT MAY PRESCRIBE, OPEN ANY SCHOOL BUILDING AND PERMIT THE USE OF ANY PROPERTY BELONGING TO SUCH DISTRICT FOR RELIGIOUS, POLITICAL, LITERARY, CULTURAL, SCIENTIFIC, MECHANICAL OR AGRICULTURAL PURPOSES, AND OTHER PURPOSES OF GENERAL PUBLIC INTEREST AND MAY MAKE A REASONABLE CHARGE TO COVER THE COST OF THE USE OF SUCH BUILDING AND PROPERTY."
(EMPHASIS ADDED.)
THE STATUTE TREATS ALL THE PERMITTED USES AS BEING "OF GENERAL PUBLIC INTEREST." THERE IS NO MANIFEST INTENTION TO TREAT RELIGIOUS GATHERINGS DIFFERENTLY FROM OTHER PERMITTED USES OF SCHOOL PROPERTY AND BUILDING. IT IS WELL-ACCEPTED DOCTRINE THAT DIFFERENT STATUTES RELATING TO THE SAME SUBJECT MATTER MAY BE CONSTRUED TOGETHER AS A HARMONIOUS WHOLE SO AS TO GIVE EFFECT TO EACH. JOHNSON V. WARD, 541 P.2D 182 (OKLA. 1975).
THE OKLAHOMA SUPREME COURT, IN THE LEADING CASE CONSTRUING THIS STATUTE, HAS DESCRIBED THE USES PERMITTED BY 70 O.S. 5-130 AS "PUBLIC GATHERING." HENNESEY V. INDEPENDENT SCHOOL DISTRICT NO. 4 LINCOLN COUNTY, 552 P. 2D 1141, 1145 (OKLA. 1976) (DICTUM).
THEREFORE BEFORE A SCHOOL DISTRICT RENTS, MOVES OR SELLS A BUILDING WHICH HAS BEEN USED AS A CHURCH FOR A PUBLIC GATHERING WITHIN THE LAST NINETY:(90) DAYS, SUCH DISTRICT MUST OBTAIN THE APPROVAL OF A MAJORITY OF THE SCHOOL DISTRICT ELECTORS.
(TAMMY M. THOMPSON)